IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FIFTH THIRD BANK, NATIONAL ASSOCIATION,<br><br>  Plaintiff,<br><br>v.<br><br>TENAGNE ESHETU, MINITIWAB TILAHUN, UNKNOWN HEIRS OF TSIGEREDA TILAHUN, and WELLS FARGO USA HOLDINGS, INC.,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§  Civil Action No. 3:23-cv-846<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Fifth Third Bank, National Association ("Plaintiff" or "Fifth Third Bank") files this its Original Complaint complaining of Defendants Tenagne Eshetu, Minitiwab Tilahun, the Unknown Heirs of Tsigereda Tilahun, Deceased, and Wells Fargo USA Holdings, Inc. ("Wells Fargo" and together, "Defendants"), and respectfully shows the Court as follows:

### I.   PARTIES

1. Plaintiff is the mortgagee of the subject loan agreement and is appearing through the undersigned counsel.

2. Defendant Tenagne Eshetu is an obligor under the Loan Agreement. He may be served with process at 523 Towne House Lane, Richardson, Texas 75801, or such other place as he may be found. Summons is requested.

3. Defendant Minitiwab Tilahun is an obligor under the Loan Agreement. She may be served with process at 523 Towne House Lane, Richardson, Texas 75801, or such other place as she may be found. Summons is requested.

4. Decedent Tsigereda Tilahun ("Decedent") was a borrower and obligor under the Loan Agreement. Decedent died on or about June 21, 2020. Upon information and belief no probate is open for Decedent's estate in Dallas County, Texas, the county where the subject Property is located or in the county in which he died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

5. Pursuant to Texas Estates Code §§ 101.001, 202.051, and 202.001, the heirs at law of the Decedent ("Heir"), whether known or unknown, acquired all of the Decedent's estate, including an undivided interest in the subject real property, immediately upon Decedent's death. Decedent's heirs are made a party in this proceeding.

6. Defendant the Unknown Heirs at Law of Tsigereda Tilahun, Deceased, is the unknown heirs of Tsigereda Tilahun, to the extent that they exist and to the extent they have an interest in the subject property. Tex. Estates Code § 101.001. The Unknown Heirs at Law of Tsigereda Tilahun may be served by publication. Fed. R. Civ. P. 4(E); Tex. R. Civ. P. 111. Summons is requested.

7. Defendant Wells Fargo USA Holdings, Inc. is a lienholder on the property, who may be served with process through its registered agent Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.  Summons is requested.

## II.   PROPERTY

8. This proceeding concerns the real property and improvements commonly known as 523 Towne House Lane, Richardson, Texas 7508, and more particularly described as follows:

PROPERTY LOCATED AT 523 TOWNE HOUSE LANE IN THE CITY OF RICHARDSON TEXAS, BEING LOT 48, IN BLOCK F OF REVISED

WOODHAVEN TOWNHOUSE SUBDIVISION, AN ADDITION TO THE CITY OF RICHARDSON, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 72147, PAGE 2282, MAP RECORDS, DALLAS COUNTY, TEXAS. (The "Property").

### III.    DIVERSITY JURISDICTION AND VENUE

9. This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Fifth Third Bank and Defendants and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

10. Fifth Third Bank is a federally chartered savings association with its main office in Ohio. In *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A.* 546 U.S. at 307; see 28 U.S.C. § 1348 (2006). Therefore, Plaintiff is a citizen of Ohio for purposes of diversity jurisdiction.

11. Defendants Tenagne Eshetu and Minitiwab Tilahun are individuals and citizens of the state of Texas.

12. Defendant Wells Fargo USA Holdings, Inc. is a corporation organized and existing under the laws of the state of New Jersey with its principal place of business in the state of Iowa. A corporation is a citizen of the state where it has been incorporated, and any state where the corporation has its principal place of business. See 28 U.S.C. § 1332(c)(1). Therefore, Defendant Wells Fargo is a citizen of Utah and New Jersey for diversity purposes.

13. In this Plaintiff seeks a declaratory judgment to foreclose on real property. Because the lien interest is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met.

14. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that

will follow. Webb v. Investacorp, Inc., 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." Hartford Ins. Grp. v. Lou-Con, Inc., 293 F.3d 908, 910 (5th Cir. 2002) (quoting Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983)); see also Farkas, 737 F.3d at 341.

15. Here, the value of the right to be protected is enforcement of a mortgage lien through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus rights to the entirety of the Property exceeds $75,000.00. The Dallas County Central Appraisal District values the Property at $217,750.00 in excess of the jurisdictional minimum. Therefore, Plaintiff meets the amount-in-controversy requirement.

16. Venue is proper in the Northern District of Texas, Dallas Division, because this suit concerns title to a real property located in Dallas County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

## IV.   FACTS

17. On or about June 24, 2010, Defendant Tenagne Eshetu, Defendant Minitiwab Tilahun, and Decedent Tsigereda Tilahun (the "Borrowers") executed a *Note* ("Note") in the principal amount of $85,843.00 in favor of Fifth Third Mortgage Company ("Fifth Third"). A true and correct copy of the Note is attached hereto as **Exhibit A.**

18. Concurrently with the execution of the Note, the Borrowers executed a *Deed of Trust* ("Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting Fifth Third, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Official Public Records of Dallas County, Texas under Instrument

No. 201000166349 on July 1, 2010. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B.**

19. Fifth Third is the current legal owner and holder of the Note and the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

20. On or about July 27, 2004, Ashfaq Quadri, and wife, Naheed Quadri, the prior owners of the Property, executed a Deed of Trust (the "Quadri Deed of Trust") granting Wells Fargo Financial Texas, Inc., a security interest in the Property in the amount of $78,074.71. The Quadri Deed of Trust was recorded under Instrument No. 4773729 on August 11, 2004, in the Real Property Records of Dallas, Texas. A true and correct copy of the Quadri Deed of Trust is attached hereto as **Exhibit C.**

21. Defendant Wells Fargo USA Holdings, Inc. merged with Wells Fargo Financial Texas, Inc. in 2017. Upon information and belief, Defendant Wells Fargo USA Holdings, Inc. is the current holder and owner of the Quadri Deed of Trust and has failed to file a release of said lien, in spite of prior satisfaction, in the Real Property Records of Dallas County, Texas.

22. Under the terms of the Loan Agreement, Borrowers were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

23. The Loan Agreement further provides that should Borrowers fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Security Instrument, then the lender may enforce the Security Instrument selling the Property pursuant to applicable law and in accordance with the provisions set out in the Loan Agreement.

24. Borrowers have failed to make their payments under the terms of the Loan

Agreement. The loan is due for the January 1, 2022 monthly payment and all subsequent payments.

25. On June 27, 2022, Plaintiff, mailed a notice of default to Borrowers by regular and certified mail to the Property address. A true and correct copy of the notices is attached hereto as **Exhibit D.**

26. Borrowers did not cure the default and on September 15, 2022, Plaintiff, through counsel, sent a *Notice of Acceleration of Loan Maturity* ("Notice of Acceleration") to Borrowers by regular and certified mail to their last known mailing address at the time. A true and correct copy of this notice is attached hereto as **Exhibit E.**

27. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the property.

### V.     CAUSE OF ACTION – DECLARATORY JUDGMENT

28. The foregoing paragraphs are incorporated by reference for all purposes.

29. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

30. In addition, Plaintiff requests a declaration from the Court that its interest in the property is senior to any competing interest in the Property. Moreover, Plaintiff requests a declaration that the interests of Wells Fargo in the Property are extinguished due to failure to release their claims upon satisfaction of their liens.

## VI. CAUSE OF ACTION – ENFORCEMENT OF STATUTORY PROBATE LIEN

31. The foregoing paragraphs are incorporated by reference for all purposes.

32. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan and the following statutory authority:

   a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

   *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

   b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

   *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

   c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

   *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

33. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

## VII.   CAUSE OF ACTION—NON-JUDICIAL FORECLOSURE

34.   The foregoing paragraphs are incorporated by reference for all purposes.

35.   Plaintiff asserts a cause of action for foreclosure against Defendants Tenagne Eshetu and Minitiwab Tilahun and the Unknown Heirs of Tsigereda Tilahun, who acquired and/or have a potential interest in the Property subject to Decedent's debts. Plaintiff, as the current legal owner and holder of the Note and the mortgagee, has the right to enforce the Note and Security Instrument.  Plaintiff has fully performed its obligations under the Loan Agreement; however, Defendants did not comply with the Loan Agreement, by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others).

36.   A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

## VIII. CAUSE OF ACTION- JUDICIAL FORECLOSURE

37.    The foregoing paragraphs are incorporated by reference for all purposes.

38.   In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

39.     Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of the Dallas County, Texas where the Property is located directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rules of Civil Procedure 309.

### IX. CAUSE OF ACTION - SUIT TO QUIET TITLE

40.      The foregoing paragraphs are incorporated by reference for all purposes.

41.     In addition to the declaratory judgment, Plaintiff brings a claim to quiet title in its favor. That is, Plaintiff seeks a judgment that there are currently no other interest-holders in the Property senior to Plaintiff.  Any interest previously held by Wells Fargo is no longer in effect. Any uncertainty as to the extinguishment of Wells Fargo's interests in the Property creates a cloud on title. Therefore, Plaintiff requests that title shall be quieted as to any stranger to title.

42.     Plaintiff seeks a declaration that any competing interests in the Property would be extinguished.

### X. CAUSE OF ACTION - ATTORNEY'S FEES

43.     Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the Loan, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Deed of Trust.

### PRAYER

For these reasons, Plaintiff requests that Defendants be summoned to appear and answer, and that, upon final hearing, the Court enter a judgment declaring (1) Plaintiff is the owner and holder of the Note, beneficiary of the Security Instrument and mortgagee, as defined under Texas Property Code section 51.0001(4); (2) Wells Fargo's lien on the Property is extinguished; (3)

quiet title as to the Property; (4) A declaration that Plaintiff's lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure and awarding attorney's fees, costs and such other and further relief to which it may be justly entitled at law or in equity.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **VIVIAN N. LOPEZ**
    Texas Bar No. 24129029
    vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**